No. 343

VAN PELT, Exr. v. KING et

Ohio Appeals, 5th Dist., Highland Co.

Decided. April 30, 1926

513. GIFT—Three things are necessary to constitute a gift causa mortis: (1) that the thing given be of the personal goods of the donor, (2) must be given while the latter was in peril of death, (3) must be actual or constructive delivery with intention that title vest conditionally on the death of the donor, leaving sufficient assets to pay debts. Held in this case, not to comply with foregoing.

First Publication of this Opinion

MAUCK, P. J.

Bert Van Pelt, as executor of Edwin G. Cox, brought his action to recover on two promissory notes made and delivered to the testator by Frank L. King et.

The facts are that Edwin Cox was an old man who was very sick, he called King to his bed side and picking out the promissory notes from his paper said, "These notes are yours. I give them to you, I may ask you for them if I come back from the hospital." The said Cox died some days later at the hospital. The doctor who attended Cox testified that he (Cox) gave the notes to Mrs. King with the statement that if he did not return from the hospital they were hers; if he did return he might call for them. The Highland Common Pleas found for King et. and Cox brings error here The Court of Appeals held:

1. There is an apparent variance between the facts pleaded and those proved. In the answer it is alleged, "these notes are yours, I give them to you" employing strong and unconditional verba de praesenti to immediately vest title in the donee while the language actually proved is that, "if he did not return from the hospital, they were hers."

2. Both sides to this controversy agree that the passing of the notes in question were not sufficient to constitute a gift inter vivos and the only question is whether it was sufficient to constitute a gift causa mortis.

3. "The concurrence of three things is essential to the consummation of a gift causa mortis, (1) The thing must have been of the personal goods of the donor, (2) it must have been given when the latter was in peril of death, or while he was under the apprehension of impending dissolution from an existing malady; and (3) the possession of the thing must have been actually, or constructively, delivered to the donee with the intention that the title shall then vest condiionally on the death of the donor, leaving sufficient assets to meet his debts.

4. Clearly, at the moment King received the notes she was not vested, conditionally or otherwise, with dominion over them, and for this reason she does not show a consummated gift. This is not because she might subsequently have been divested of title, but because she never became vested therewith.

Judgment reversed.

(Sayre & Middleton, JJ., concur.)

Attorneys—Cyrus Newby for Van Pelt; Wilson & Morrow for King; all of Hillsboro.